CUSTER v. THAXTON.    (No. 2715.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 20, 1926. Rehearing Denied Nov. 3, 1926.)

1. Brokers ⊂═⊃8(3), 86(4)—Trial ⊂═⊃350(4).

Evidence *held* to authorize submission of special issues and to support findings thereon that defendant agreed to pay plaintiff $500 for procuring purchaser for defendant's theater and that plaintiff was procuring cause of sale.

2. Trial ⊂═⊃260(9).

Refusal of instruction defining "procuring cause" *held* not erroneous where covered by court's charge.

3. Trial ⊂═⊃350(4).

In broker's action to recover commission, refusal of issue that negotiations had been broken off at certain time *held* not erroneous, in view of instruction defining "procuring cause" and evidence.

Appeal from Lubbock County Court; Chas. Nordyke, Judge.

Suit by J. W. Thaxton against J. D. Custer to recover a commission. From a judgment for plaintiff, defendant appeals. Affirmed.

R. A. Baldwin, of Slaton, for appellant.
W. H. Sewell, of Slaton, for appellee.

JACKSON, J. This suit was instituted in the county court of Lubbock county, Tex., by J. W. Thaxton, appellee, against J. D. Custer,

appellant, to recover a commission on the sale of certain property belonging to appellant, situated in the town of Slaton, Tex., and known as the Custer Theater.

Appellee alleged that he was engaged in the real estate brokerage business, and, on or about April 25, 1925, appellant promised and agreed to pay him the sum of $500 to procure a purchaser for said theater property, fixing the price thereof at $14,000; that thereafter, on May 30, 1925, he advertised said property in the Dallas News, and, as a result thereof, L. Westerfelt opened negotiations with him by correspondence for the sale and purchase of said theater, and that he was the procuring cause of the sale made by appellant to L. Westerfelt for the sum of $13,000. He pleads in the alternative that, if he be mistaken as to an express agreement to pay him the sum of $500 for procuring a purchaser for said property, then and in that event he alleged that he performed the service of procuring a purchaser at the express request of the appellant, and that the usual and customary commission for said service is 5 per cent. of the consideration paid; he prays for judgment for $500 on the contract alleged, and, in the alternative, to recover 5 per cent. on the $13,000, the alleged consideration.

Appellant answered by general demurrer, special exceptions, general and special denials, and pleaded that he did not list the property with appellee, made no contract with him to procure a purchaser, and that appellee had nothing to do with the sale of the property, but that appellant, without the assistance of appellee or any other person, sold the property in September to L. Westerfelt for a consideration of $17,325, that he knew of no effort of appellee to sell said property, and knew nothing of the advertisement of the property by appellee, and did not know appellee was claiming a commission until after the consummation of a sale on or about September 30, 1925.

In response to special issues submitted by the court, the jury found, in effect, that appellee and appellant entered into a contract whereby appellee was to receive and appellant was to pay the sum of $500 for procuring a purchaser for said theater property, and that appellee was the procuring cause of the sale. On these findings, the court entered judgment for appellee for the sum of $500, with interest and costs, from which judgment this appeal is prosecuted.

[1] Appellant, by proper assignments, urges as error the action of the trial court in refusing to give his requested peremptory instruction, and committed error in submitting the case to the jury and in rendering a judgment against him on the verdict of the jury, because there was no evidence which authorized the submission of any issue of fact to the jury and none to sustain the findings of the jury on the issues submitted.

---

⊂═⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The testimony tends to show that appellant promised and agreed to pay appellee $500, if he would procure a purchaser for the theater property; that appellee thereafter advertised the property for sale in the Dallas News; that L. Westerfelt, who afterwards purchased the property, saw and read the advertisement, wrote appellee relative to the property advertised, and that several letters passed between them relative to the purchase and sale of the property; that about July 6, 1925, Westerfelt was in Slaton, Tex., saw the appellant, and discussed with him the purchase of the property; that appellee on that occasion was introduced to Westerfelt by appellant, at which time appellee advised appellant that Westerfelt was the man that he had corresponded with at Brownwood, relative to the purchase of the theater property; that appellant priced the property at that time to Westerfelt for a consideration of $17,325, and directed appellee to show Westerfelt the theater property, which he did; that Westerfelt advised both appellant and appellee that, in his opinion, the price asked by appellant was too high; that he was going on to Colorado, but, if he did not purchase elsewhere, he would return in about 30 days; that in the early part of September Westerfelt was again in Slaton, Tex., and, after a continued negotiation lasting about three weeks, accepted the property at the original price made by appellant in July of $17,325, consummated the deal, and took possession on or about October 1st. Some of the material parts of this testimony are sharply controverted, but, in our opinion, the testimony is

287 S.W.—34

sufficient to authorize the submission of the special issues to the jury and to support the findings thereon.

[2] Appellant presents as error the action of the court in refusing his special requested charge defining "procuring cause," because the definition of the term, as given in the court's main charge, is incorrect. The court, in substance, tells the jury in his definition of the term that "procuring cause" means the direct cause—the proximate cause—any acts or series of acts set in motion by the efforts of appellee which, continuing in an unbroken chain from their inception, produced the result or thing which was done. The charge requested by appellant defines "procuring cause," in substance, as the efficient, inducing, controlling cause from which proceeds continuous and unbroken negotiation from the act of the agent to the final consummation of the sale. The difference in these two definitions is one of verbiage rather than of meaning, and this assignment does not present reversible error.

[3] Appellant assigns as error the action of the court in refusing to submit, at his request, a special issue asking that the jury find whether the negotiations had in July, 1925, between appellant and Westerfelt, were completely broken off when Westerfelt left Slaton in July for Colorado. In view of the definition of "procuring cause," given by the court, and the testimony in the case, this, in our opinion, does not constitute reversible error.

The judgment is affirmed.